Doggett *et al. v.* Brown.

---

WILLIAM E. DOGGETT *et al.,* Appellants, *v.* JOHN E. BROWN, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Where a party contracts to purchase land to be paid for in labor, and performs a part of the labor, he cannot recover in an action for work and labor, until he shall have made a demand for a conveyance of the land.

THE declaration contains only the common counts in assumpsit. The action is for work, labor and materials.

The work was done under the following contract :

" Articles of Agreement, made this twentieth day of September, in the year of our Lord one thousand eight hundred and fifty-eight, between William E. Doggett, etc., of the first part, and John E. Brown, of the second part: Witnesseth,

that if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said party of the first part duly covenants and agrees to convey, etc., the following lot, piece or parcel of ground, viz., Lot fifty-nine, in the subdivision of block forty, etc., etc. And the said party of the second part hereby covenants and agrees to pay, etc., the sum of three hundred and fifty dollars, to be paid in carpenter work, at cash prices, within three years, and to pay all taxes, assessments, etc., upon said lot ; and, in case of failure of said party of the second part to make either of the payments, or perform any of the covenants, etc., this contract shall be forfeited and determined, at the election of said party of the first part, and the party of the second part shall forfeit all payments made, and such payments shall be retained by the said party of the first part, in full satisfaction and in liquidation of all damages sustained, and shall have thè right to re-enter and take possession. It is mutually agreed that the time of payment shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, etc., of the respective parties.

" In witness whereof," etc.

The plaintiff claimed the right to rescind the contract and sue in indebitatus assumpsit.

Brown proved that he had done some carpenter work for Doggett and Hills, and that he had frequently offered to work. Brown also proved that he had paid taxes on the lot named in the contract.

A verdict was found for the plaintiff, and the defendants moved for a new trial, which was overruled, and the defendants then and there excepted.

GALLUP & HITCHCOCK, for Appellants.

The nature and extent of the failure of the appellants to perform the contract on their part was not such as to warrant a rescission by the plaintiff. *Selby* v. *Hutchinson,* 4 Gilm. 333 ; 4 Ad. & Ell. 599 ; *Fillent* v. *Armstrong,* 34 Eng. Com. Law, 160 ; *Freeman* v. *Taylor,* 21 id. 250.

"The right to abandon a contract vests only in the party who has been guilty of no default." Chitty on Cont. 741.

D. C. AND I. J. NICHOLS, for Appellee.

BREESE, J. It is very clear, the appellee was not in a position to rescind the contract on his part, and bring his action for the work and labor done under it. He should have demanded a deed for the lot of ground; *non constat*, but the appellants would have made him a deed for the work he had done. Had they failed to give him work, and refused to give a deed on demand made, the appellee could have rescinded the contract, and recovered for the work done. In *Selby* v. *Hutchinson*, 4 Gilm. 333, this court held that " in order to justify an abandonment of a contract, and of the proper remedy growing out of it, the failure of the opposite party must be a total one; the object of the contract must have been defeated, or rendered unattainable by his misconduct or default." The object of this contract, so far as the appellee was concerned, was a deed for the lot. That object cannot be said to be defeated until a demand is made of a deed, and a refusal to execute it. The object is not shown to have been unattainable, no deed having been demanded.

This view disposes of the case, and necessarily reverses the judgment.

*Judgment reversed*