Syllabus.

# JACOB BRYSON

*v.*

# DAVID M. CRAWFORD.

1. VENDOR AND VENDEE—*right of vendee to recover back payments.* Where the plaintiff purchased land to be paid for in installments with interest, and was to receive a deed upon making payment of the second installment, giving his note secured by mortgage upon the premises for the balance then due, and time was made of the essence of the contract, and it providing that on failure to make any payment when due, the vendor might declare the same forfeited, together with all payments, upon giving ten days' notice thereof in writing, and the vendee being in default as to the second payment, a forfeiture was declared pursuant to notice, and the vendee leased the land of the vendor, there being no tender of any deed before the declaration of forfeiture: *Held*, in a suit by the vendee to recover back the purchase money paid, on the ground of a rescission of the contract, that the vendor was not bound to tender a deed before declaring the forfeiture, and that the action would not lie.

2. The only cases in which the purchaser of real estate is entitled to recover back the money he has paid on the contract of purchase are: 1st, where the contract has been rescinded by mutual consent and agreement of the parties; 2d, where the vendor is unable or unwilling to perform the contract on his part; and 3d, where the vendor has been guilty of fraud in making the contract.

3. SAME—*where sale is forfeited purchaser can not recover back payments.* Where a contract of sale of real estate has been declared forfeited pursuant to its own terms, on account of the default of the purchaser in making further payments, he is not entitled to recover back what he has paid.

4. CHANGE OF VENUE—*negligence in applying for.* Where an application for a change of venue was not made until the first day of a term of the court, and the petition stated that a knowledge of the cause on which the application was based, did not come to the applicant until since the last term of the court, which was denied: *Held*, that it was properly denied, as the petition failed to show but that the application might have been made in vacation. Knowledge of the fact might have come to him on the next day after the last term.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the plaintiff in error.

Mr. J. E. MCPHERRAN, for the defendant in error.

.   Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellant against appellee, to recover the purchase money which had been paid on a contract for the sale of certain land by appellee to appellant. By the terms of the contract, the payments were to be made in installments of $300 on the 1st day of November, 1870, $250 on the 1st day of June, 1871, and $638.33 on the 1st day of November, 1871, with interest at the rate of ten per cent per annum from date, and upon making the second payment, appellee was to execute a deed to appellant for the land, and appellant was then to execute a mortgage to appellee upon the land to secure the payment of a promissory note to be given for the balance remaining unpaid. It was expressly provided that, in the event of the failure by appellant to make either of the payments or to perform any of the covenants on his part, appellee should have the right to declare the contract forfeited and determined, and to enter upon and take possession of the property, having first given appellant ten days' notice thereof in writing, or by publication in a newspaper printed in the county, and to have and retain all payments that should be made upon the contract. It was also agreed that time should be of the essence of the contract.

On the 1st day of June, 1871, appellee caused a written notice to be served upon appellant, notifying him that the sum of $250, with the accruing interest thereon, was then due on the contract, and that unless the same should be paid within ten days from the service of the notice, he should elect to declare the contract forfeited, and keep and retain all payments made thereon. And on the 13th day of the same month, appellee caused a second notice in writing to be served

upon appellant, notifying him that, in consequence of his failure to make payment in pursuance of the terms of the contract, he had elected to declare the same forfeited from that date; and requesting him to surrender the possession of the premises. It is not claimed that the $250 had been paid, or that its payment according to the terms of the contract had been subsequently waived by appellee. Appellant remained in possession of the premises, but, shortly after the service of the last notice, rented them of appellee, and thereby acknowledged him as his landlord. No deed appears to have been tendered by appellee prior to the service of the last notice upon appellant, nor does it appear that appellant, prior to that time, offered to perform his part of the contract by making the payment then due, or that he urged as an excuse for his failure the inability of appellee to make a deed. No evidence was introduced in regard to appellee's ability to comply with the contract. The cause was tried by a jury, under instructions from the court, and their verdict was for the defendant. Motion for a new trial was made by appellant, which the court overruled, and rendered judgment upon the verdict of the jury.

The exceptions taken to the instructions given, and to overruling the motion for a new trial, present the simple question whether appellant is entitled to recover, under the facts that have been stated.

It is contended by appellant that appellee was himself in default, in not tendering a deed before he declared the contract forfeited; that the contract was mutually abandoned, and, consequently, the appellant is entitled to recover.

If the premises are as contended by appellant, the conclusion certainly follows. But was appellee in default when he declared the contract forfeited? If so, it must have been because he had failed to do something which the contract required him to do, for it is impossible to conceive a default where there has been no omission of duty, either express or implied. He was, it is true, to execute a deed, but that was

not to be done until the $250, with accruing interest, were paid to him, and since this payment was neither made nor tendered, it is clear that appellant was never in a condition to demand the deed; and the proposition would seem too plain to justify argument, that appellee was under no obligation to make a formal tender of that which appellant was not entitled to receive. By the positive terms of the contract the $250 were to be paid on the 1st day of June, 1871, and the right was given appellee to declare the contract forfeited, and retain the money paid on it, if payment was not made at the time. It would have been good grounds for objection, on behalf of appellant, to the declaration of forfeiture by appellee, that he was himself unable to comply with the contract, and therefore in no condition to exact the payment of the money due. But there is no evidence that such objection in fact ever existed, or that it was urged by appellant prior to the commencement of this suit. Moreover, appellant acquiesced in the validity of the grounds claimed by appellee for the declaration of forfeiture of the contract, by subsequently renting from him the property to which it related. If the contract had been still subsisting, appellant would have held the property under his purchase, claiming to be owner, instead of becoming tenant to his former vendor. Nor is there any evidence that the contract was rescinded by mutual agreement. The evidence is, that appellee declared it forfeited because of the failure of appellant to comply with its terms, and he was thereby authorized to retain what had been paid on the contract.

We understand that the only cases in which the purchaser of real estate is entitled to recover back the money he has paid on the contract of purchase are: 1st, where the contract has been rescinded by the mutual consent and agreement of the parties; 2d, where the vendor is incapable or unwilling to perform the contract on his part; and 3d, where the vendor has been guilty of fraud in making the contract. But when the contract has been declared forfeited, especially as in the

present case, pursuant to its own terms, on account of the default of the purchaser in making further payments, he is not entitled to recover back what he has paid.  *Wheeler* v. *Mather,* 56 Ill. 242; *Ketchum* v. *Evertson,* 13 Johns. 363; *Green* v. *Green,* 9 Cowen, 49; *Bottle* v. *Rochester City Bank,* 5 Barbour, 421.

We think the instructions of the court and the finding of the jury were entirely correct under the evidence.

The motion for a change of venue was properly overruled. The application was not made until the first day of the June term, 1872, of the court, and the petition states that a knowledge of the prejudice in the mind of the judge did not come to the appellant until since the last term of court, which may have been the next day after the end of that term. This was entirely insufficient. It was said in *Moss et al.* v. *Johnson,* 22 Ill. 639, speaking of an application, in that case, for a change of venue, "As such applications can be made in vacation as well as in term time, it behooves the party, if the cause is ascertained in vacation, to give the notice at once to the opposite party, and make application to the judge at chambers, or elsewhere wherever he may be, for a change of venue, and thus prevent accumulation of costs and the exercise of diligence by the opposite party to be prepared for trial, which is always attended with expense." The plaintiffs in error, by their own showing, did know of. the cause, as we infer from the language of the affidavit, some days before the sitting of the court. They were negligent in not giving the earliest and speediest notice of their intended application, and the court did not err in refusing the motion. To the same effect is also *Kelly et al.* v. *Downs,* 29 Ill. 74.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*

Mr. Justice Walker and Mr. Justice McAllister dissent, on the ground, that the payment of the $250 by the

purchaser, and the delivery of the deed by the vendor, were mutual and concurrent acts, to be performed at the same time, and that, therefore, the vendor could not put the purchaser in default without showing the preparation and offer of such deed as was required by the contract, or that he was legally discharged from performing his covenant so to do, by some act of the purchaser. There was no attempt to show such performance or any excuse. In our view, without such performance or excuse the vendor was not in a position to put the purchaser in default, within the meaning of the contract, and if not, his declaration of forfeiture was wrongful, and he would not be entitled to retain the money paid.