JACOB WEINTZ

*v.*

PETER HAFNER.

1. CONTRACT—*right to rescind for omission of other party.* A slight or partial neglect, on the part of one of the contracting parties, to observe some of the terms or conditions of the contract, will not justify the other party at once to abandon or rescind the same.

2. In order to justify an abandonment of a contract, and the proper remedy growing out of it, the failure of the opposite party must be a total one. The object of the contract must have been defeated or rendered unattainable by his misconduct or default.

3. For partial dereliction and non-compliance in matters not necessarily of first importance to the accomplishment of the object of the contract, the party injured must seek his remedy upon the stipulations of the contract itself.

4. Thus, where a party sold a farm, and agreed to build a barn on the premises, and deliver possession by a given day, it was *held*, that a failure

to have the barn completed at the time the second payment fell due, and before the time of delivery of possession, did not justify the purchaser in refusing payment, and authorize him to recover back the sum paid at the making of the contract. Neither would a refusal to give a receipt for the second payment justify a rescission by the purchaser, even if one were required by the contract.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. CREBS & CONGER, for the appellant.

Messrs. POLLOCK & KELLER, and Messrs. McDOWELL & McCLINTOCK, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by Peter Hafner against Jacob Weintz, to recover $50, which had been paid as a part of the purchase price of a certain tract of land which Hafner had purchased of Weintz.

A trial of the cause was had before a jury, which resulted in a verdict for the plaintiff. The defendant, Weintz, brings the record here by appeal.

It appears, from the evidence contained in the record, that, on the 4th day of June, 1872, appellant, by contract, in writing, sold appellee a farm of 97 acres of land, for $3000; $50 was paid down, $450 was to be paid on the 1st day of October, 1872, $500 on the 1st of March, 1873, $1000 on the 1st day of March, 1874, and $1000 on the 1st day of March, 1875, with interest, at the rate of ten per cent, from the 1st day of March, 1873.

Appellee was to have possession of the farm on the 1st day of March, 1873. The contract also contained a provision, that appellant should build a barn on the land, and have it completed at the time possession of the farm was to be given.

When the $450 payment became due, on the first of October, the barn had been erected, but the floor had not been laid and certain folding doors had not been hung, which detracted

$25 from the value of the barn. Appellant, however, offered to have the barn completed, as was understood by the parties, by the time possession of the farm was to be given.

This did not seem to suit appellee. He declined to pay the October payment, demanded the $50 he had paid upon the contract, and upon appellant's refusal to repay the money, he instituted this suit to recover it.

Appellee had no right to rescind the contract and recover the purchase money paid, unless appellant had failed, in a substantial manner, to observe his part of the contract. A slight or partial neglect on the part of one of the parties to a contract to observe some of the terms or conditions thereof, will not justify the other party to at once abandon the agreement.

As was said in *Selby* v. *Hutchinson,* 4 Gilm. 319, in order to justify an abandonment of the contract, and of the proper remedy growing out of it, the failure of the opposite party must be a total one. The object of the contract must have been defeated or rendered unattainable by his misconduct or default.

For partial derelictions and non-compliances in matters not necessarily of first importance to the accomplishment of the object of the contract, the party injured must still seek his remedy upon the stipulations of the contract itself. See also *Doggett* v. *Brown,* 28 Ill. 493, and *McPherson* v. *Walker,* 40 Ill. 371.

Taking the rule here announced as a guide, we fail to perceive wherein appellant was in default.

Appellee was not entitled to the possession of the farm until the 1st day of March, 1873. By the very terms of the contract which required appellant to build the barn, he was not bound to have it finished until he delivered the possession of the farm.

If, then, in October, 1872, $25 worth of labor was yet to be expended on the barn, this could be no ground of rescission on the part of appellee, for the reason that appellant had five

months in which to complete the barn and deliver the possession of the farm, as provided in the contract.

It is, however, urged, that appellant refused to give a receipt to appellee for the payment due October 1, 1872 ; and that is urged as a further reason to sustain the right of appellee to rescind the contract.

The contract, however, nowhere requires appellant to execute receipts for money received upon it; but even if it did, a failure to observe such a requirement would be no ground for rescission.

A receipt would only be evidence that a payment had been made. If appellee was apprehensive that appellant would fail to give him credit for the payment, he could call a witness to the transaction, which would answer all purposes, and would be quite as satisfactory as a formal receipt.

The grounds relied upon by appellee to authorize him to rescind, are entirely too trivial in their character to justify him to abandon the contract.

The judgment will therefore be reversed.

*Judgment reversed.*