## Andrew H. Dean v. Haiman Lowey.

1. FORFEITURE—*Misfortune or Willfulness Immaterial.*—It is immaterial whether a failure to perform an agreement is owing to misfortune or willfulness; or whether the promisor made a bad bargain, which he does not care to carry out, or undertook that which his means did not enable him to perform. Impossibility of performance, so that there is no natural impossibility in the thing, is no excuse for a promisor.

2. CONTRACTS—*Forfeitures—Liability for a Failure.*—An undertaking to do a thing which is in itself possible, will render the promisor liable for a failure, although it was beyond his power to accomplish, because it was his folly to run the risk of being able to do that which for *him* has proven to be an impossibility.

3. PERFORMANCE—*Misfortune not an Excuse.*—Where a party has by contract taken upon himself a duty, he is bound to make it good, and if loss occur, even from inevitable accident, it falls upon him who has contracted that he will bear it.

**Memorandum.**—Action of assumpsit. In the Circuit Court of Cook County; the Hon. SAMUEL McCONNELL, Judge, presiding. Judgment for defendant on demurrer to the declaration; plaintiff appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, BANGS & BANGS, ATTORNEYS.

Appellant contended that the suit is brought upon what is termed a contract created by law. Citing Bishop on Contracts, Chap. 8 and notes.

The action of assumpsit is an equitable action, and will lie to recover from the defendant that which in equity and good conscience he ought to refund to the plaintiff. 2 Greenleaf Ev., Sec. 102.

To the rule, established by a divided court, in Wheeler v. Mather, 56 Ill. 241, and followed through divers subsequent decisions of the Supreme Court, including that of Kendall v. Young, 141 Ill. 188, there are divers exceptions. 2 Sutherland on Damages, 232–234, 417, 515; Utter v. Stuart, 30 Barb. 20; Hill v. Barclay, 18 Ves. 58, 62; 1 Pomeroy's Eq., Sec. 452, and notes; Henry v. Tupper et al., 29 Vt. 358.

Dean v. Lowey.

The spirit and proper interpretation of that rule includes only those cases of selfish and willful default of the vendee, and so far as the cases cited in its support go, it applies to such defaults in making payments of moneyed installments or in performing entire contracts, and in cases not unconscionable. Wheeler v. Mather, 56 Ill. 241; Battle v. The Rochester City Bank, 5 Barb. 414; Battle v. The Rochester City Bank, 3 Com. 88; Ketchum v. Evertson, 13 Johns. 359; Green v. Green, 9 Cow. 47; Stark v. Parker, 2 Pick. 267; Rounds v. Baxter, 4 Greenl. 454; Hansbrough v. Peck, 5 Wall. 506; Whitaker v. Robinson, 65 Ill. 411; Baston v. Clifford, 68 Ill. 67; Bryson v. Crawford, 68 Ill. 362.

APPELLEE'S BRIEF, CONSIDER H. WILLETT, ATTORNEY.

The remedy of the appellant, if he has any, is not at law, but in equity, to be relieved against the forfeiture of the contract. Pomeroy's Eq. Jur., Sec. 455.

"In a case where an agreement creates a mere pecuniary obligation, so that a forfeiture incurred by its breach would ordinarily be set aside, a court of equity will refuse to aid a defaulting party, and relieve against a forfeiture, if his violation of the contract was the result of gross negligence, or was willful and persistent. He who asks help from a court of equity must himself be free from inequitable conduct with respect to the same subject-matter." Pomeroy, Eq. Jur., Sec. 452.

OPINION OF THE COURT, WATERMAN, J.

Appellant, in a declaration by him filed, set forth that he entered into a written contract with appellee in and by which it was agreed that appellee had sold to appellant certain real estate for the sum of $15,000, $500 of which was to be and was paid at once, the balance to be paid in installments of $500, maturing from time to time as provided; that it was also provided that he, appellant, should at once proceed to remodel and improve the said real property in a manner and within a time described in said agreement, and that if he, appellant, to whom immediate possession of said

real property was to be and was given, failed to perform and fulfill the undertakings by him in said agreement made, that then the said appellee might at his election declare said contract forfeited, repossess himself of said real property, and retain all sums paid, as liquidated damages for the breach of said contract, time being of the essence thereof.

That owing to the inability of appellant to obtain money as he expected, and to his poverty, and not willingly or willfully, he was unable to comply with the terms of said contract, although he did pay the sum of $500 aforesaid, and did place about $15,000 of improvements upon said premises; that because of his, appellant's, failure to comply with the terms of said contract, appellee declared said contract, and the same now is, at an end, forfeited and void and of no effect; and appellee, by means of a proceeding of forcible detainer, repossessed himself of, and now holds, said premises. That the said $500 paid as aforesaid, and the improvements put by him, appellant, upon said premises, are very greatly in value in excess of any damage and cost that appellee has sustained and expended by reason of his, appellant's, failure fully to perform said contract; whereby appellee became and was indebted to him, appellant, in the sum of $15,000, and thereby undertook and promised to pay the same, etc.

To this declaration a demurrer was sustained.

The plaintiff therefore prosecutes this appeal.

Courts do lean against forfeitures, and if this were an attempt to have a forfeiture set aside, the case stated to the court would appeal strongly to its sense of equity.

This, however, is not what appellant asks. He does not now ask that he be permitted to fulfill his contract, but that the court shall make a new one and enforce that. Having contracted to buy certain property of appellee, and having failed to comply with the agreement of purchase, he asks that the court shall turn such contract into a bargain for the improvement of appellee's property, and compel him, appellee, to pay for the improvements put thereon. Neither a court of law nor equity has power to make bargains for parties.

Appellee contracted to sell his land; such bargain can not by any court be changed into an agreement to hire appellant to put improvements thereon.

It is immaterial whether appellant's failure to perform his agreement was owing to misfortune or willfulness; whether he made a bad bargain which he does not care to carry out, or undertook that which his means did not enable him to perform. Impossibility of performance, so that there be no natural impossibility in the thing, is no excuse for a promisor.   2 Parsons on Contracts, 673.

An undertaking to do a thing which is in itself possible, will render the promisor liable for a failure although it was beyond his power to accomplish, for it was his folly to run the risk of being able to do that which for *him* has proven to be impossible.   Walker v. Tucker, 70 Ill. 527.

Where a party has by contract taken upon himself a duty he is bound to make it good, and if loss occur, even from inevitable accident, it falls upon him who has contracted that he will bear it.

As to this rule the Supreme Court in Steele v. Buck, 61 Ill. 343, said : " The rule is a just one, and has its foundation in reason, for if he did not intend to bear the loss, it is natural to presume he would have stipulated against it.   It tends to promote justice by regarding the sanctity of contracts."

The judgment of the Circuit Court is affirmed.