Topping, Appellant, vs. Parish, Administrator, and another, Respondents.

*May 6 — May 21, 1897.*

(1) *Pleading: Legal or equitable cause of action?* (2) *Vendor and purchaser of land: Partial failure to perform: Rescission.* (3) *Recording acts: Lease: Bona fide purchaser.*

1. The intention of a pleader in setting up facts pertinent to a claim for equitable relief by rescission of the sale and conveyance of certain land, but not material to a legal action for the recovery of a mere money judgment, is *held* to have been to state an equitable cause of action, even though the prayer for relief demanded judgment for an amount equal to the consideration paid for the conveyance as well as for the rescission.

2. Where a contract for the sale of land has been so far executed that a valid title to the land has been conveyed to the vendee, breach of a covenant in the deed to deliver possession of the premises on a specified day and the insolvency of one of the grantors are insufficient to warrant a rescission.

3. A lease of land for one year is not a conveyance within the meaning of sec. 2242, R. S., nor is the lessee a purchaser in good faith as against a prior conveyance by the lessor.

Appeal from a judgment of the circuit court for Waupaca county: Chas. M. Webb, Circuit Judge. *Affirmed.*

This action was brought to rescind the sale and convey-ance of a farm made by John Sipes, in his lifetime, and *Martha J. Sipes*, July 19, 1894, to the plaintiff, for $2,200. Of this sum, $1,788 was secured by two notes and a mortgage on the same premises, and the remaining sum of $412 was paid by a transfer to the vendors of a note and mortgage against other parties and premises, upon which that sum was actually due. The vendors at the time conveyed the premises sold to the plaintiff by warranty deed, inserting therein an agreement that they would deliver possession of said premises to the plaintiff on the 1st day of April, 1895, and it was alleged that they had failed and neglected, and still refused, to do so; that, at the time of the delivery of the deed, one Alvina Decker was seised of said premises, lawfully claiming the same by virtue of a lease from the vendors, and that after the delivery of the deed to the plaintiff the said vendors renewed said lease, or rented or leased said premises again to the said Alvina Decker, for the period of one year; and that she was then in possession thereof under said lease, and refused to deliver said premises to the plaintiff. On the 1st of April, 1895, the plaintiff, by her agent, went to the defendant *Martha J. Sipes* for the purpose of demanding the return of said notes and mortgages, but she refused to return the same, although she had possession thereof, or to do anything about it. The defendant John Sipes died on the 4th of April, 1895, and *David Parish*, appointed his administrator, had qualified and was acting as such. It was further alleged that the defendant *Martha J. Sipes* was insolvent, and that a judgment against her would not be collectible in proceedings at law; that she threatens to dispose of and sell said notes and mortgages, and that she would do so unless enjoined by the court; that the plaintiff had not conveyed or incumbered said premises, but had been willing and ready at all times, and still was, to reconvey said premises to the said John Sipes, or to said

*David Parish*, as such administrator, or to such person as the court might determine, for the benefit of the estate of John Sipes, deceased. Judgment was demanded against the defendants for $2,200, with interest from July 19, 1894, or that the said defendant *Martha J. Sipes* be compelled, by an order or judgment of the court, to deliver to the plaintiff said notes and mortgages given for the purchase of said land, and that the defendants, their and each of their agents, etc., be enjoined until the further order of the court from selling, disposing of, concealing, or transferring or removing said notes and mortgages out of the jurisdiction of the court, and for such other judgment, order, or relief as to the court might seem just and equitable.

A temporary injunction was granted as prayed for. The defendants having answered the complaint, the cause came on for trial, when the counsel for the defendants objected, for each defendant separately, to the introduction of any evidence under the complaint, for the reason that the same did not state facts sufficient to constitute a cause of action, and that the court was without jurisdiction. The court sustained the demurrer, and adjudged that the complaint be dismissed, with costs, from which judgment the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Churchill & Sanborn*, attorneys, and *G. W. Cate*, of counsel, and for the respondents on that of *S. A. Connell*, attorney, and *E. J. Goodrick*, of counsel.

PINNEY, J. It may be inferred, perhaps, from the facts above stated and contained in the complaint, although not expressly so alleged, that the deed to the plaintiff contained a covenant that the grantors were lawfully seised in fee at the time of its delivery. It is alleged that the deed was a warranty deed, and there is no claim that a valid title to the lands did not pass by it to the plaintiff. The stipulation or

covenant for the delivery of possession of the premises to the plaintiff on the 1st of April, 1895, was executory; and it seems that, the lease to Alvina Decker having expired, the plaintiff's grantors, after the execution and delivery of their deed to the plaintiff, renewed said lease, or rented and leased said premises again to her, for the term of one year, and at or before the time fixed for the delivery of the premises to the plaintiff. We think that, in view of the facts stated and the relief prayed, the complaint must be regarded as an attempt to set forth an equitable cause of action for rescission, although judgment was demanded for $2,200 and interest as well as for the equitable relief specially prayed for. The two kinds of relief are absolutely inconsistent, and the plaintiff was bound to elect either to abide by the covenant in the deed, or to claim a rescission *in toto*. The circuit judge properly held, we think, that the action intended was an equitable one for rescission. The complaint states facts not material to a legal action for the recovery of a mere money judgment, but which are pertinent to a claim for equitable relief; and she prays for such, by rescission of the sale and conveyance of the premises and the cancellation and delivery up of securities. The nature of the action must be determined by the prayer for relief. *Gillett v. Treganza,* 13 Wis. 472.

There is no question as to the validity of the title conveyed to the plaintiff, and the mere failure of the grantors to deliver possession of the premises at the time specified in the deed would not, of itself, justify the plaintiff in suing for rescission. The contract had been wholly executed on her part, and she had received a valid title and taken a covenant of the vendors that they would deliver possession of the premises conveyed on the day specified, and their failure to perform was partial only. The general rule is that, to justify a rescission, the failure of the opposite party to perform must be total, so that the object of the contract

shall have been defeated or rendered unobtainable by reason of the misconduct or default of the other party.    2 Warvelle, Vendors, 850.    "For partial dereliction and non-compliance in matters not necessarily of the first importance to the object of the contract, the party must seek his remedy upon the stipulations of the contract itself."    *Weintz v. Hafner*, 78 Ill. 27; *Selby v. Hutchinson*, 9 Ill. 319.    In the case of *Board of Sup'rs of Douglas Co. v. Walbridge*, 38 Wis. 191, it was said: "The application to a court of equity for the rescission, cancellation, or delivering up of agreements and securities is not founded upon an absolute right, but is rather an appeal to the sound discretion of the court, which, in granting or refusing the relief prayed, acts upon its own notions of what is reasonable and just under all the surrounding circumstances.    While we are to understand that the interference of equity in these cases is a matter of mere discretion, this is not an arbitrary and capricious, but a sound and reasonable, discretion, *secundum arbitrium boni judicis.*    1 Story, Eq. Jur. (12th ed.), § 693; Willard, Eq. Jur. (1st ed.), ch. 4, § 3."    It is not alleged that there was any fraud or misrepresentation, and it does not appear but that the plaintiff has a complete and adequate remedy at law for damages on the covenant in the deed, for failure to deliver possession at the stipulated time.    It is not averred that both of the grantors in the deed were insolvent.    Had the plaintiff sued on the covenant, her damages would have been the value of the use of the premises for the time she had been deprived of such use.    *Fritz v. Pusey*, 31 Minn. 368.

It appears that the lease to Alvina Decker, under which she held the premises against the plaintiff, was made or renewed after the vendors had conveyed their title to the plaintiff, and when they had no power or capacity to grant such lease.    She could not be considered as a purchaser under it, without notice.    It was not a conveyance, within sec. 2242, R. S., and she could not acquire any better right.

to hold the premises against the plaintiff than the vendors had; and manifestly they had no right to hold, as against their own deed and the covenant to deliver possession to the plaintiff.

The complaint did not, we think, state facts sufficient to constitute the cause of action relied on.

*By the Court.*— The judgment of the circuit court is affirmed.