MAGNOLIA COMPRESS COMPANY v. SMITH.

Opinion delivered May 27, 1905.

CONTRACT—SEPARABILITY.—Where a contract provided that plaintiffs, the parties of the first part, should furnish the defendant compress company a specified quantity of lumber at a price named, and provided further "that the parties of the first part shall have the bill of any other lumber that the compress company may need in the building at the same price," the two provisions are severable, and a violation by defendant of the second provision did not justify plaintiffs in treating the entire contract as rescinded, and suing upon a *quantum meruit*.

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

### STATEMENT BY THE COURT.

This was a suit brought by the appellee, D. R. Smith, against the appellant, Magnolia Compress Company, for the

recovery of the value of a lot of lumber furnished the appellant by the appellee.

The complaint alleged that appellee furnished the appellant 40,000 feet of rough lumber, worth $9 per thousand feet, towit: $360. That he also furnished defendant 44,000 feet dressed lumber, worth $10 per thousand feet, towit: $440. That there has been paid on said amounts the sum of $630, and there are now due plaintiff $170. Wherefore he asks judgment for said sum, costs and other relief.

The appellant answered, denying these allegations, and averring that the lumber furnished by appellee to appellant was on the following contract, towit:

"This agreement made and entered into this the 3d day of April, 1899, by and between D. R. Smith and John Wilkerson, parties of the first part, and the Magnolia Compress Company, parties of the second part, all of the county of Columbia, and State of Arkansas, witnesseth:

"That the parties of the first part do hereby agree and bind themselves to furnish to the parties of the second part, the following bill, kind and quality of lumber, to-wit: Two hundred and eight (208) pieces of lumber, 6x8, sixteen feet in length. Eight hundred and sixteen (816) pieces 2x10, sixteen feet in length, the same to be well sawed and strictly all heart, but rough and undressed. Two thousand one hundred and fifty (2150) pieces of lumber, 2x8, 12, 14 and 16 feet in length, to be well sawed and sized, and strictly all heart. The same to be delivered to the grounds of the said Magnolia Compress Company, in the town of Magnolia, Arkansas, at and for the sum of seven and half dollars ($7.50) per thousand feet for said lumber described on or by the aforesaid date, then they, the parties of the first part, agree to pay the said parties of the second part $10 per day for each day after the 1st day of July, 1899, until said lumber aforesaid is delivered. And the said parties agree and bind themselves, in consideration of the aforesaid agreement of the said parties of the first part aforesaid being well and fully performed, to pay to the said parties of the first part the sum of seven and half dollars ($7.50) per thousand feet for said lumber described aforesaid. The price herein named is for delivered lumber on the

grounds of the Magnolia Compress Company. It is also agreed that the parties of the first part shall have the bill of any other lumber that the Compress Company may need in the building at the same price, $7.50 per M. for rough lumber.

"In testimony whereof we hereunto set our hands and seals, this 1st day of April, 1899.

"D. R. Smith,

"John Wilkerson."

The appellant alleged that it had paid appellee for all the lumber furnished according to the terms of the contract $7.50 per thousand feet. Appellant than set up a breach of the contract on appellee's part, alleging "that the plaintiff failed to deliver said lumber on or by the 1st day of July, 1899, and never delivered same in full until about the 1st of August, 1899. That, by the terms of said contract, said defendant is entitled to recover from the said plaintiff the sum of $10 for each and every day that the plaintiff failed to deliver the said lumber in full after the 1st day of July, 1899; that, by reason of said failure, said defendant was damaged in the sum of $250. And appellant asks judgment against the appellee in that sum.

The verdict was for appellee for $75, and judgment entered for that amount.

*Magale & McKay*, for appellant.

The breach of the contract complained of is not sufficient to give appellee the right to treat the contract as rescinded and sue upon the *quantum meruit.* 17 Ark. 228; Pars. Contr. 795; 5 Ark. 651; 67 Ark. 156; 26 Ark. 309; Lawson, Contr. § 445; 3 Ark. 324. The plaintiff did not treat the contract as rescinded, and cannot maintain this action upon the *quantum meruit.* 63 N. E. 894; 7 Am. & Eng. Enc. Law, 152; 17 Ark. 228; Clark, Contracts, 676; 25 Ark. 196; 64 Ark. 228; 103 Mich. 610. In any event his recovery could not exceed the contract price. 59 Mich. 300; 5 Mich. 454; 33 Ark. 751; 19 Ark. 671.

WOOD, J., (after stating the facts.) The first question presented on this appeal is, conceding that appellant violated the second clause of the contract in evidence by purchasing a car

load of lumber from a third party which was used by appellant in erecting its building, did this give appellee the right to ignore the terms of the contract as to the price of lumber which he had furnished, and to sue appellant therefor upon *quantum meruit?* The second clause reads: "It is also agreed that the parties of the first part shall have the bill of any other lumber that the Compress Company may need in the building at the same price, $7.50 per thousand for rough lumber."

This clause of the contract is wholly independent of the first clause. There is nothing to indicate that it was a part of the inducement for the first clause. There are no reciprocal obligations in it. The Compress Company under it is bound to give appellee the bill of any other lumber it may need in its building at the same price, $7.50 per thousand, but there is nothing in the clause that can be construed as binding appellee to furnish the lumber at the same price, or to furnish it at all. If appellant had called upon appellee to furnish more lumber than that called for in the first clause of the contract at $7.50 per thousand, could appellee have been forced to furnish it? We think not. Could appellant have refused to pay for lumber furnished by appellee under the first clause, because of a failure upon the part of appellee to have furnished any amount appellant might have needed and demanded under the second clause? Certainly not. It is very clear, from the language used in both clauses, that the parties did not intend that the enforcement of the first clause of the contract should be conditioned upon the performance of the second. We are of the opinion that the contract is clearly severable, and that the failure of appellant to perform the second clause would not justify appellee in treating the contract as discharged and rescinded, and suing upon the *quantum meruit.*

The utmost that could be claimed would be that the breach by appellant would be a partial failure of performance on its part that would give appellee the right to compensation in damages, the amount being the price designated for which the lumber was to be paid by appellant in case any had been furnished. The court erred in treating this as an entire contract, and in not granting appellant's second request for instruction (which Repor-

ter will set out in note).* Lawson on Contr. § 450; *Weintz* v. *Haffner*, 78 Ill. 27; 2 Parsons, Contr. 672, note; *Gatlin* v. *Wilcox*, 26 Ark. 309; *Bertrand* v. *Byrd*, 5 Ark. 657. See *Eastern Arkansas Hedge Fence Company* v. *Tanner*, 67 Ark. 156.

For this error the judgment is reversed, and the cause is remanded for new trial.

---

*Appellants' second request was as follows:

"2. The jury are instructed if they find from the evidence that the Compress Company agreed with the plaintiff to give him a bill for any other lumber that it might need in the erection of its compress, and which lumber is not specified in the contract, and that the Compress Company failed to furnish the plaintiff with a bill for any or all of the lumber used in the erection of said compress and not specified in the contract, and purchased same from other parties, this will not constitute such a breach of the contract in this case as will entitle the plaintiff to recover the cash market value of the lumber at the time it was delivered." (Rep.)