THE FOREMAN TRUST AND SAVINGS BANK, Admr., Defendant in Error, *vs.* FREDERICK H. BARTLETT, Plaintiff in Error.

*Opinion filed December 23, 1926—Rehearing denied Feb. 4, 1927.*

1. ASSUMPSIT—*when decision of Appellate Court is final.* In an action of assumpsit for money had and received on a contract claimed to have been rescinded, the decision of the Appellate Court on a particular question is final where its determination involves a consideration of evidentiary facts as well as the ultimate deductions therefrom.

2. CONTRACTS—*when a vendor is not entitled to declare a forfeiture—rescission.* Where a vendor has agreed to an extension of time for the making of payments on a contract for the purchase of property he will not be entitled to declare a forfeiture until reasonable notice of his intention to do so is given after the payments become due under the extension, and where he attempts to declare a forfeiture before the extension period has expired and makes no further declaration of his intention after said time but proceeds to sell the property to another party, the vendee is entitled to treat the contract as rescinded and may recover payments made under it.

3. SAME—*when vendee, on rescission of contract, is entitled to recover stipulated value of property taken on the purchase price.* Where the vendor in a contract for the purchase of property has sold the property to another the vendee may treat the contract as rescinded, and in an action for money had and received may recover, with payments made under the contract, the stipulated value of property taken by the vendor as part payment of the purchase price, as the parties have treated the property taken in part payment as money, and the vendor, having put it out of his power to carry out his agreement by the sale to the third party, cannot be heard to say that the property he took as part payment was not worth the amount stipulated.

4. APPEALS AND ERRORS—*when question as to allowance of interest is not presented for review.* In an action of assumpsit for money had and received, the question whether the court properly allowed interest on the amount claimed from the time it was found to be due until the date of the judgment is not presented for review, where the court, after announcing what its judgment would be, on request allowed time for the submission of propositions of law and none were submitted on the question whether interest was allowable.

STONE, C. J., dissenting.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

VAIL, ROE & PLAMONDON, (DONALD P. VAIL, of counsel,) for plaintiff in error.

ROBERT P. BURKHALTER, and EDWIN WHITE MOORE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

March 4, 1917, Elizabeth E. Burdick entered into a written contract with plaintiff in error, Frederick H. Bartlett, for the purchase of two lots for $4360. As the initial payment Mrs. Burdick paid in cash $266 and conveyed to Bartlett by warranty deed two lots owned by her, for which she was credited with the payment of $1700. The remain-

der of the purchase price was to be paid in monthly install-
ments. Under the contract Bartlett agreed to lay sewer and
water pipes in the street and to build sidewalks in front of
the property as soon as the city issued permits therefor. The
Sanitary District of Chicago was making some extensive
improvements in this territory and the city refused to issue
permits to Bartlett for the installation of sewers and side-
walks until the improvements being made by the sanitary
district were completed. Payments on the contract were
made by Mrs. Burdick with some irregularity until May 10,
1921, at which time she paid all arrearages. Shortly there-
after she made application for an extension of time in
which to make further payments, and the time was extended
until the end of the year. No further payments were made.
In October, 1921, Bartlett served a written notice on Mrs.
Burdick declaring the contract forfeited. In April, 1922,
he sold one of the lots covered by the contract with Mrs.
Burdick, and in October of the same year he sold the other
lot. Thereafter Mrs. Burdick died, and her administrator
brought this action in assumpsit to recover the payments
made under the contract. The declaration consisted of the
common counts, and two special counts which set forth the
facts hereinbefore stated. Judgment was entered in the
circuit court for $4116.90, and this was affirmed by the
Appellate Court for the First District. The cause is here
by *certiorari.*

Defendant in error seeks to recover the payments made
under the contract upon the theory that there is a rescis-
sion of the contract by the conduct of the parties. When
plaintiff in error sold the lots he put it out of his power to
perform the contract, and if the contract was still in force
at the time he sold the lots Mrs. Burdick could treat the
contract as abandoned and proceed accordingly. Plaintiff
in error contends that the extension of time given in June,
1921, was given upon condition that interest should be paid
monthly upon the whole sum remaining unpaid. Whether

this condition was attached to the extension of time was a controverted question of fact upon the trial. The Appellate Court found that time for making the remaining payments was unconditionally extended until December 25, 1921. The determination of this question involves a consideration of the evidentiary facts as well as the ultimate deductions therefrom, and the determination of the question by the Appellate Court is therefore final. (*Smith* v. *Treat,* 234 Ill. 552.) There is no evidence that Bartlett, after December 25, 1921, made a demand upon Mrs. Burdick to complete the payments according to the terms of the contract. Time of making payments having been extended to this date, he could not forfeit the contract until reasonable notice of his intention so to do was given after the payments again became due under the extension. When Bartlett sold the lots the contract was still in effect, and, treating the contract as abandoned, Mrs. Burdick was entitled to recover the amount paid upon the contract.

The sixteenth proposition of law submitted by plaintiff in error and marked "Refused" is as follows:

"The court holds as a matter of law that upon the rescission of a contract the same was legally at an end and no right thereunder could be claimed by either party and the parties were entitled to be placed *in status quo* and therefore plaintiff's testatrix was entitled to recover back only the fair, reasonable, market value of the lots conveyed by her to defendant as part of the purchase money as of the date of the contract and defendant was not bound to re-pay to her the sum of seventeen hundred dollars ($1700) which was the amount allowed her by the contract for the same, unless that was the market value of the lots."

The lots conveyed by Mrs. Burdick were received by plaintiff in error as the equivalent of a definite sum of money. By selling the lots which he agreed to convey to her he has put it out of his power to carry out his agreement. In equity and good conscience he should return to

324—16

Mrs. Burdick what he has received from her. Because of his failure to do so she is entitled to maintain her action for money had and received. Such action will lie whether the subject of the action was originally money or real or personal property treated by the parties as money. (*Gordon* v. *Johnson,* 186 Ill. 18; *Fosselman* v. *City of Springfield,* 139 id. 185; *Town* v. *Wood,* 37 id. 512; *Farmers Bank and Trust Co.* v. *Shut & Keihn,* 192 Ala. 53, 68 So. 363; *Wagener* v. *United States Nat. Bank,* 63 Ore. 299, 127 Pac. 778; *Baltimore and Susquehanna Railroad Co.* v. *Faunce,* 6 Gill, 68, 46 Am. Dec. 655; *Ainslie* v. *Wilson,* 7 Cow. 662, 17 Am. Dec. 532; *Arms* v. *Ashley,* 4 Pick. 71.) Plaintiff in error having received the lots as an equivalent of $1700 in money, he cannot now be heard to say that they were then worth a less sum of money.

Other propositions of law were submitted by plaintiff in error and were marked "Refused" by the court. What we have already said disposes of all other questions submitted which are material to a decision of this case.

The total amount of the payments made by Mrs. Burdick to plaintiff in error is $3316.02. To this amount the court added interest at five per cent from January 1, 1920, to the date of the judgment. Plaintiff in error now contends that the court erred in adding interest. At the conclusion of the hearing the court announced that it would enter the judgment which it did enter, and at the request of the attorney for plaintiff in error it allowed time until the next day in which to submit propositions of law. Twenty propositions were submitted, none of which presented the question of law whether interest is allowable upon a judgment of this character. The question, therefore, is not preserved for review.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE STONE, dissenting.