Joan Linster, Plaintiff-Appellant, v. Jewel D. Regan, d/b/a Julie's Luncheonette, Defendant-Appellee.

Gen. No. 68–172.

Second District.

May 22, 1969.

Jack R. Cook, of Loves Park, for appellant.

John P. Graves, Jr., of Rockford, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This case involved the narrow question of the right of a defaulting vendee to recover back money paid on the contract and withheld by the vendee as forfeited, absent any governing contract provision.

The plaintiff, Joan Linster, brought this suit for the return of a $500 deposit paid by her to the defendant, as a down payment under the terms of a written offer to purchase the defendant's restaurant business for $8,500. The plaintiff was to have paid an additional $4,000 when the transaction was closed, and the balance of $4,000 on terms agreeable to both of the parties. The offer to purchase was prepared by the plaintiff, and was signed by both parties. It did not provide for forfeiture of the deposit, or any part thereof, in event the plaintiff failed to complete the transaction.

The court, without a jury, tried the case and determined that the plaintiff had breached the contract by failing and refusing to complete the transaction. The defendant testified that her only liquidated damage was approximately $100; but that she had been actively negotiating with two other prospective buyers, and terminated those negotiations at the time when she accepted the plaintiff's offer. The trial court held that "(T)here is no requirement in Illinois law that indicates that a breach of contract actual damages must be proven even though there is no provision provided for the forfeiture of down payment," and thereupon entered a judgment for the defendant. This appeal followed.

The defendant relies on Glenn v. Price, 337 Ill App 637, 86 NE2d 542 (1949), which appears to be the only case to reach the reviewing courts of this State on similar facts. The court there reviewed numerous Illinois cases dealing with contract forfeitures, and recognized that none of those cases was controlling because the con-

460

tracts in question either made specific provision for the forfeiture of payments on a vendee's default, or it was not clear from a statement of the case what provision, if any, had been made in regard to the disposition of payments upon a vendee's default. Nevertheless, the court, in Glenn, stated that the tenor of a majority of the opinions, in somewhat similar cases arising in this jurisdiction, seemed to be that a defaulting purchaser cannot recover a down payment when he is in default and the vendor is ready and able to comply with the terms of the contract. At page 641 the court stated:

> "Although no specific reason can be given for this, it would appear that society generally will benefit, and administration of justice will be facilitated by a rule of law which will affirmatively encourage contracting parties to make every effort to carry out their contractual obligations."

The court felt that any overcompensation allowed the defendant in Glenn should be considered an added incentive to perform, rather than a penalty for not performing. The court also felt that to adopt another view would subject to litigation a party who was ready and willing to perform by one who was in default. The rule stated by the court in Glenn appears to be the majority rule as is pointed out in the exhaustive annotation on the subject in 31 ALR2d 8, although as that annotation further indicates, several jurisdictions hold to the contrary.

The status of the law on this subject is adequately stated by the court in Tucker v. Beam, 343 Ill App 290, 98 NE2d 871 (1951) at page 294, in these words:

> "There is probably no branch of contract law in such a state of confusion as that concerning the rights at law of a defaulting purchaser under a contract for a deed. Although the factual situations differ widely, it remains extremely difficult to state any general principle to be deduced from the case.

461

■■■■■

About all that can be done is to find a majority view, and concede that some cases are not in conformity."

Professor Williston agrees with the minority rule in his treatise on the law of contracts and states:

"Few questions in the law have given rise to more discussion and difference of opinion than that concerning the right of one who has materially broken his contract without legal excuse to recover for such benefit as he may have conferred on the other party by part performance on an indivisible contract or by the performance of an indivisible fraction of a divisible portion of a contract. A satisfactory solution is not easy for two fundamental legal policies seem here to come in conflict; on the one hand it seems a violation of the terms of the contract to allow a plaintiff in default to recover . . . to allow a party to stop when he pleases and sell his part performance at a value fixed by the jury to the defendant who has agreed only to pay for full performance. On the other hand, to deny recovery often gives the defendant more than fair compensation for the injury he has sustained and imposes a forfeiture on the plaintiff. The mores of time and place will often determine which policy will be followed, but the second of these opposing policies has steadily increased in favor in recent years except where the obliquity of the defective performance is of a sort that indicates *moral* obliquity and where therefore the courts feel that the one who is in default may properly be penalized, the tendency is to grant him restitution if a substantial benefit has accrued to the defendant by partial performance." Williston on Contracts, § 1473.

Professor Corbin, another major writer in the field of contracts, states that a defaulting purchaser is entitled

to restitution in situations where the money held by his vendor exceeds the vendor's actual loss. 5A, Corbin on Contracts, § 1132, p 64.

Notwithstanding these eminent authorities, we feel constrained to follow the rule established in Glenn wherein petition for leave to appeal was denied; to hold otherwise would be to permit a party to sustain an action based on his own breach of contract where the other party stands ready and willing to perform.

If the parties to a contract have agreed upon a down payment, we believe that such sum should be accepted, unless otherwise provided, as the bargain of the parties for assurance to the seller that the buyer will perform. This, really, is the purpose and reason for a down payment with an offer. For these reasons, we believe that the judgment of the trial court should be affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.