THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL CASEY, Defendant-Appellant.

(No. 12169;

Fourth District—January 23, 1974.

John F. McNichols, Deputy Defender, of Springfield (John L. Swartz, Assistant Appellate Defender, of counsel), for appellant.

No appearance for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted upon his plea of guilty to two charges of robbery and one count of bail bond violation. Upon judgments of conviction, he was sentenced to serve not less than three nor more than ten years on each of the robbery convictions and one to three years for the bail bond violation, the sentences to be served concurrently. Upon this direct appeal, the defendant contends that the proceedings below were deficient in that there was not substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), and specifically the requirement of that rule that the court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands, the nature of the charge.

The notice of appeal in this case was filed in April 1973; the appellant's brief was filed October 15, 1973. There has been no appearance by the appellee. As we noted in *People v. Keeney*, 96 Ill.App.2d 323, 238 N.E.2d 614, this court is in agreement with the language of the Second District Appellate Court in *People v. Spinelli*, 83 Ill.App.2d 391, 227 N.E.2d 779, to the effect that the absence of a brief by the appellee leaves this court in the duel role of advocate and judge, a position abhorrent to any court. The failure of the People to file a brief here, as in *Spinelli*, leaves the judgment of the trial court without the support of any brief or argument to which it is justly entitled. Under such circumstances, we are not required to consider the merits of the appeal and where, as here, the appellant has complied with all of the requirements to perfect an appeal and the appellee has done nothing, we are permitted in our discretion to reverse the conviction and as is appropriate in this case, remand for further proceedings.

Our review of this record indicates that compliance with Rule 402 with reference to the issue raised is at best arguable. It is more than a rhetorical observation to observe that this court should not be in the dual position of advocate and judge.

For the reasons stated, the judgment of the circuit court of Adams County is reversed and this cause is remanded to that court with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

SMITH, P. J., and TRAPP, J., concur.