EDWARD RUSHING et al., Plaintiffs-Appellants, v. ROBERT CAMP, Defendant-Appellee.

(No. 73-262; 

Fifth District—May 8, 1974.

Stobbs Law Offices, Ltd., of Alton (John Dale Stobbs, of counsel), for appellants.

Lawrence Keshner, of Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Madison County denying appellants' motion for a preliminary injunction. A temporary restraining order had been previously issued and a hearing was held within the required 10-day period.

The notice of appeal in this case was filed in August, 1973; the appellants' brief was filed October 17, 1973. Appellee requested an extension of time for filing his brief. On November 17, 1973, an order by this court granted an extension of time through December 20, 1973, "*Provided That No* Further Extensions Shall be. granted." On December 20, 1973, appellee moved for additional time to file a brief and excerpts which was objected to, and denied. Oral argument was waived.

■■ Under such circumstances we are not required to consider the merits of the appeal and. where. the appellants have complied with all the requirements for perfecting an appeal, we are permitted in our discretion to summarily reverse the holding of the trial court. (*People v. Casey* (1974), 16 Ill.App.3d 746, 306 N.E.2d 711.) In view of the nature of the case and the circumstances attendant, we choose to decide the case on its merits.

Appellants raise three contentions in their appeal from the order denying the preliminary injunction: first, that essential findings of fact cannot be based merely on a view of premises; secondly, that on a view of premises there shall be no comment or discussion and evidence shall not be taken; and lastly, that the previous violations of the subdivision building restrictions are minor in nature and do not constitute waiver or abandonment.

Appellants are property owners in a platted subdivision in Godfrey ·Township, Madison County. The creators of this subdivision established certain building and other restrictions. The restrictions. included the requirement that all homes in the subdivision be constructed of stone or brick, except for trim areas. There were 15 homes in the subdivision when the appellee purchased certain of the lots in the subdivision from one of the original creators of the restrictions, with knowledge of the building restrictions. The appellee is building houses that will be brick only on one side and decorated by brick on the front in the vicinity of the windows. At the conclusion of the hearing the trial judge announced that he would conduct a view of the premises. The court did so without the presence of attorneys.

Appellants have inserted in their excerpts a photocopy of an affidavit of one Bernice Baumann, one of the witnesses and spouse of one of the appellants. In this affidavit the affiant states that at the time the court viewed the premises, the court inquired into certain matters relative to the water course alleged to have been altered by the appellee (an issue not raised in the appeal). Although this affidavit is a part of appellants' excerpts, such affidavit is not a part of the record. The photocopy appearing in the excerpts bears no file marks or any indication that it was a part of the record. Since this affidavit was inserted without leave of court no consideration will be given it by this court.

Our examination of the record reveals that sufficient evidence was presented to sustain the holding of the trial court. There is testimony in the record which indicates that there were a number of violations of the subdivision's building restrictions. The appellee introduced into evidence photographs of houses which were identified as homes within the subdivision. These photographs show homes in which more than the trim areas were of material other than brick or stone. Moreover, the trial judge in this bench trial conducted a view of the subdivision and recorded his findings in his order denying the preliminary injunction.

Appellants contend that essential findings of fact cannot be based merely on a view of the premises. While the cases appellants cite for this principle are distinguishable, it suffices to say that the testimony and the evidence in the record provide an adequate basis to sustain the findings.

Next, appellants contend that the trial judge elicited evidence while viewing the premises and seek to support this contention with the affidavit to which we have referred. The trial below was a bench trial and in such proceedings it is presumed that the judge, as the trier of fact, excluded any improper evidence. *McFail v. Braden* (1960), 19 Ill.2d 108, 166 N.E.2d 46; *Prignano v. Mastro* (1965), 61 Ill.App.2d 65, 209 N.E.2d 12.) There is nothing in the order denying the preliminary injunction which would indicate otherwise.

■■ Finally, appellants contend that the previous violations of the subdivision building restrictions are minor in nature and do not constitute waiver or abandonment. As authority for this contention appellants cite *Punzak v. DeLano* (1957), 11 Ill.2d 117, 142 N.E.2d 62, and *O'Neill v. Wolf* (1930), 338 Ill. 508, 170 N.E. 669. In these cases it was held that unless minor violations of restrictions on the use of realty by third parties have a substantial relation to the property of the plaintiff, or interfere with its enjoyment, the fact that the plaintiff has not expressed objection to such violations by third persons does not preclude the plaintiff from objecting to the defendant's violation, which injuriously affects him. In the case at bar the appellants, along with third parties, were alleged to

have violated the subdivision's building restrictions. The trial court, as the trier of fact, found that these violations were not merely minor in nature and these findings will not be disturbed unless manifestly against the weight of the evidence.

Our interpretation of appellants' authorities does not require reversal. The case for affirmation is even more substantial when the pronouncement of the Illinois Supreme Court in *Watts v. Fritz* (1963), 29 Ill.2d 517, 194 N.E.2d 276, is considered. The court held that minor violations of a deed restriction will not prohibit subsequent enforcement, but where there has been acquiescence of prior violations *of a particular restriction,* the plaintiff will be held to have waived any right of enforcement of that restriction. Here the previous violations were of the particular restriction now sought to be enforced; having so acquiesced to prior violations, the appellants are unable to enforce any such restrictions.

Accordingly, the order of the trial court denying appellants' motion for a preliminary injunction is affirmed.

Affirmed.

CARTER and CREBS, JJ., concur.