RICHARD J. DALEY, Mayor and Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, *v.* LOS LAURELES, INC., *et al.,* Defendants-Appellees.

(No. 57818; ▇▇▇▇▇▇▇▇)

First District (1st Division)—September 16, 1974.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellant.

Manuel Reyes, of Chicago, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff, as Local Liquor Control Commissioner, refused to grant a retail liquor license to the applicant, Los Laureles, Inc. On appeal, the License Appeal Commission, after a *trial de novo*, reversed the Commissioner's order and, on administrative review, the circuit court affirmed that reversal. The Commissioner has appealed.

██ The defendants have not seen fit to appear as appellees or to file briefs. Where, as here, an appellee has not filed a brief in the reviewing court, it may reverse without considering the case in detail but reversal is not required and the reviewing court may if it chooses consider and determine the case on its merits. (2 I.L.P. *Appeal and Error* § 560 (1953); *Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42; *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill.App.2d 264, 275, 254 N.E.2d 814; *Lynch v. Wolverine Insurance Co.* (1970), 126 Ill.App. 2d 192, 193, 261 N.E.2d 466; *People v. Giannopoulos* (1974), 20 Ill.App. 3d 338, 314 N.E.2d 237.) We elect to follow the latter course here.

The Commissioner contends: 1) that, on the very sketchy evidence presented to him, he properly refused to issue the license applied for; and 2) that, on an appeal from his action, "the only issue * * * is the propriety of * * * [his] decision on the evidence placed before him by the applicant," and that the Commission therefore "went beyond the bounds of the function defined in the statute" when it permitted the president of the applicant "to directly supply the License Appeal Commission with detailed data on the finances of Los Laureles, Inc." and, based on that data, reversed the Commissioner's action.

We disagree with the Commissioner's second contention and affirm; thus rendering the first contention moot.

The Illinois Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, pars. 120 (15), 123), defines who may and may not be granted a retail liquor license, and, in sections 2 through 5 of article IV (Ill. Rev. Stat. 1971, ch. 43, pars. 111—114), empowers local liquor control commissioners to administer said act and to grant, refuse or suspend licenses. In section 8 of article VII of the Act (Ill. Rev. Stat. 1971, ch. 43, par. 153) two, very different types of appeals from orders of such local commissioners

are provided. From certain orders, a *trial de novo* before the appeal commission is provided. From others, only a *"review"* of the record before the local commissioner, at which "no new or additional evidence shall be admitted or considered," is provided.

Insofar as is pertinent here (an appeal from an order of a local liquor control commissioner in a city of 500,000 or more *refusing to grant a license*) the statute (Ill. Rev. Stat. 1971, ch. 43, par. 153), in pertinent parts, provides as follows:

> *"In the event such appeal is from an order of a local liquor control commissioner of a city,* village or incorporated town *of 500,000 or more inhabitants,* granting or *refusing to grant a license* or refusing for more than 30 days to grant a hearing upon a complaint to revoke or suspend a license, *the matter of the propriety of such order* or action *shall be tried de novo by the license appeal commission* as expeditiously as circumstances permit.
>
> \*   \*   \*
>
> In any trial de novo hearing before the State Commission or license appeal commission the local liquor control commissioner shall be entitled to 10 days notice and to be heard. All such trial de novo hearings shall be open to the public and the Illinois Liquor Control Commission and the license appeal commission shall reduce all evidence offered thereto to writing.
>
> If after trial de novo hearing or review as provided herein, the State Commission or the license appeal commission (as the case may be) shall decide that the license has been improperly issued, denied, revoked, suspended or refused to be revoked or suspended or a hearing to revoke or suspend has been improperly refused, it shall enter an order in conformity with such findings, which order shall be in writing.
>
> A certified copy of the order shall be transmitted to the particular local liquor control commissioner and it shall be the duty of the local liquor control commissioner to take such action as may be necessary to conform with the order.
>
> In any trial de novo hearing before the State Commission or the license appeal commission, the licensee shall submit to examination and produce books and records material to the business conducted under the license in like manner as before the local liquor control commissioner, \*   \*   \*." (Emphasis ours.)

Where the appeal is from the order of a local liquor control commissioner of a home rule municipality of *less* than 500,000, or from the order of a local liquor control commissioner of a city of 500,000 or over, *re-*

*voking or suspending,* (or refusing so to do), *a previously issued license,* then only *a "review,"* (*not* a *trial de novo*), is provided, and it is further provided that:

"No new or additional evidence in support of or in opposition to such order or action under appeal shall be received other than that contained in such record of the proceedings."

It should be noted, however, that said "review" type of appeal does *not* apply to be an order granting or *refusing to grant a license,* which is precisely what is involved in the case now before us.

The case of *Daley v. License Appeal Commission* (1956), 11 Ill.App.2d 421, 138 N.E.2d 73, cited by the Commission is not pertinent here because it involved an appeal from a local commissioner's *revocation* of a license, *already issued,* on the ground that the licensee had served liquor to minors. *Daley v. License Appeal Commission* (1965), 63 Ill.App.2d 43, 211 N.E.2d 573, also cited by the Commissioner, does not support his position. There the commissioner refused to grant a liquor license to the applicant corporation and, as here, the Appeal Commission conducted a *trial de novo* and after a full hearing, reversed the commissioner's order. On administrative review, the circuit court affirmed the order of the Appeals Commission, and this court affirmed, saying (at page 48) that:

"It must be remembered that the trial before the commission is a new trial and not a review of any prior record. The commissioner may have had reasons for denying the application which were unknown to the commission, but the latter must base its decision on the evidence presented to it and must decide, in the light of this evidence, whether the commissioner's discretion was reasonably exercised.  *  *  *"

In our opinion, the controlling authority here is *Bowler's Inc. v. Illinois Liquor Control Commission* (1968), 97 Ill.App.2d 403, 240 N.E.2d 369. There the local commissioner refused to grant a license to the applicant and, on appeal, the State Liquor Control Commission conducted a *trial de novo* and, after considerable testimony, affirmed the commissioner's refusal to grant a license. On administrative review, the circuit court reversed the commission's order and directed the issuance of the license. In affirming that judgment, this court, at page 409, said:

"The County Commissioner at the hearing before the defendant-Commission and now the defendant-Commission itself evidently failed to recognize that *the hearing on administrative review before the Commission, was an entirely new trial, adversary in nature which was neither dependant upon nor limited by, any prior administrative record.* Regardless of the reasons prompting the decision of the County Commissioner, the defendant-Commis-

sion was bound to independently predicate its judgment only upon the facts as established by the competent evidence presented to it. Daley v. License Appeal Commission, 63 Ill.App.2d 43, 211 N.E.2d 573 (1965)." (Emphasis ours.)

■■ It is perfectly clear that the statute applicable to appeals to the License Appeal Commission from orders of a local liquor commissioner in a city of 500,000 or more, *refusing to grant a license* provides for a *trial de novo* and not, as is provided with respect to *revocations* of previously issued licenses for cause, etc., merely a "review" "on the record" of the local commissioner's action. It is also clear to us that the cases reflect this difference.

We therefore hold that the Appeals Commission proceeded properly in allowing the applicant on the *trial de novo* before it to put into evidence "the detailed data on the finances of Los Laureles, Inc.," and, based on that data (the sufficiency of which is not challenged), in reversing the Commissioner's refusal to grant a license. We affirm the judgment of the circuit court affirming the Appeals Commission's reversal of the Commissioner's refusal to grant the applicant a liquor license.

Affirmed.

GOLDBERG and BURKE, JJ., concur.