LOWELL WITTER d/b/a AERO LANDSCAPE SERVICE, Plaintiff-Appellant, v. TOM WINTER, Defendant-Appellee.

(No. 73-427;

Second District (1st Division)—February 11, 1975.

Thomas D. Chase and Robert D. Smith, of Elgin, for appellant.

No brief or appearance filed for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff sued the defendant for $418.27 allegedly due for landscaping, and the defendant counterclaimed for $375, contending that the job was poorly done and that he had to redo it himself. The trial court, after a bench trial in which both parties testified, entered a judgment for the defendant on the complaint and for the counterdefendant on the counterclaim, each party to pay his own costs. The plaintiff appeals.

■■ The defendant has not seen fit to appear as appellee or to file a brief. Where, as here, an appellee has not filed a brief in the reviewing court, it may reverse without considering the merits of the case. However, reversal is not mandatory and the reviewing court may, if it chooses, consider and determine the case on its merits. (2 *I.L.P. Appeal and Error* § 560 (1953); *Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42; *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill.App.2d 264-275, 254 N.E.2d 814; *Lynch v. Wolverine Insurance Co.* (1970), 126 Ill.App.2d 192, 193, 261 N.E.2d 466; *People v. Giannopoulos* (1974), 20 Ill.App.3d 338, 314 N.E.2d 237; *Daley v. Los Laureles, Inc.* (1974), 22 Ill.App.3d 441, 318 N.E.2d 159.) We elect to follow the latter course.

The plaintiff here contends that the court's finding against his claim is against the manifest weight of the evidence. After reviewing the evidence, we disagree and affirm the judgment.

The plaintiff testified that he and the defendant entered into an oral contract whereby the plaintiff agreed to perform certain landscaping services, which included rototilling, removing debris, final grading, fertilizing, and laying sod, on the defendant's property. The services were to be performed subject to the approval of the defendant. It is undisputed that the defendant expressed approval of the grading and leveling be-

fore the sod was laid. However, there is no evidence that the defendant approved of the landscaping after its completion.

The plaintiff's bid was $818.27 and the defendant had paid $400. At the trial, the testimony of the parties concerning the terms of payment of the balance conflicted. Plaintiff asserted that the defendant was to pay the balance prior to January 1, 1972. According to the defendant's testimony, the plaintiff requested that one-half of the contract price be paid before January 1, 1972, with the balance payable after that date, for tax purposes.

Subsequently, the defendant informed the plaintiff that water had accumulated and was not draining properly from his lawn. The testimony concerning the time when plaintiff was informed of this problem is conflicting. The defendant testified that the problem became apparent in January, 1972. On direct examination, plaintiff stated that he had received no complaints regarding his landscaping services until April or May, 1972, but on cross-examination he admitted that he had knowledge of and had viewed the defective situation in February, 1972. According to the plaintiff's own testimony, he assured the defendant that measures would be taken to remedy the situation and did, in fact, have black dirt delivered for the purpose of leveling the lawn to the defendant's satisfaction. At no time did the plaintiff deny responsibility for the lack of proper drainage. Rather, he assumed full responsibility for correcting what appeared to be a defect in the landscaping services performed.

The defective condition was never remedied by the plaintiff. Plaintiff testified that he never got around to correcting the defect because the weather was not favorable, and that finally, in November or December, 1972, he was denied access to the property by the defendant. It appears that during this interval, the defendant had remedied the situation himself by leveling the lawn and providing for proper drainage of water. The fact that the defendant was not prevented by unfavorable weather from performing this corrective measure certainly tends to rebut plaintiff's proffered excuse for nonperformance within a reasonable time.

The sole issue presented for review is whether the finding of the trial court is against the manifest weight of the evidence.

■■ In *Kuperman v. Leak* (1974), 20 Ill.App.3d 491, 314 N.E.2d 504, where a contractor, in a bench trial, contended that the finding for the defendant was against the manifest weight of the evidence, the court, at pages 497-498, said:

> "The trial judge has the duty of sifting the evidence and choosing among conflicting inferences. As a finder of fact, he is authorized to draw reasonable inferences, and he may disbelieve testimony contradicting evidence from which such inferences are

drawn. When the evidence is contradictory this court will not substitute its judgment as to the credibility of witnesses for that of the trial court which saw and heard them, and will not disturb the findings unless they are manifestly against the weight of the evidence. (*Wynekoop v. Wynekoop*, 407 Ill. 219, 226, 95 N.E.2d 457, 460.) Manifest means clearly evident, clear, plain, indisputable. (*Schneiderman v. Interstate Transit Lines, Inc.*, 331 Ill.App. 143, 147, 72 N.E.2d 705, 706.) We will not reverse and remand unless an opposite conclusion is clearly apparent. *In re Estate of Meade*, 17 Ill.App.2d 286, 149 N.E.2d 792 (abstract opinion)."

It is our considered opinion, after a review of the evidence presented to the trial court, that the finding of the trial court against the plaintiff on his complaint is not against the manifest weight of the evidence.

We therefore affirm the judgment.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.