*In re* ESTATE OF MARY LEHR, Deceased.—(WALTER LEHR *et al.*, Respondents-Appellants, *v.* ELSIE SITZES *et al.*, Claimants-Appellees.)

(No. 72-338;

Fifth District—May 15, 1975.

CREBS, J., specially concurring.

Crowder & Adams, Ltd., of Columbia, for appellants.

James L. Gomric, of Belleville, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order entered by the probate division of the circuit court of St. Clair County allowing the claims of each individual claimant, appellees, for a one-eighth interest in the real estate of the deceased, Mary Lehr. Appellants, Walter Lehr and Frank A. Lehr, individually and as executors for the estate of Mary Lehr, deceased, have perfected this appeal therefrom.

The facts which underlie the instant case revolve around an intrafamily struggle which began more than 20 years ago with the demise of Peter Lehr, Sr., husband of Mary Lehr, since deceased. Peter Lehr died intestate. He was survived by his widow, Mary Lehr, seven sons, Arthur, Walter, Frank A., Oliver, Peter, Jr., and Albert, and one daughter, Elsie Sitzes (nee Lehr), as his only heirs at law. Fourteen months after the demise of Peter Lehr, Sr., a dispute arose concerning the extent of Peter Lehr, Sr.'s assets and the distributive share due certain heirs. After a protracted legal conflict a settlement was reached between the widow, Mary Lehr, and each of her several children. The estate of Peter Lehr was closed and on January 5, 1951, the final report and settlement of the estate of Peter Lehr, Sr., was presented and approved by the then existing probate court.

From January 5, 1951, until August, 1971, Mary Lehr resided on real estate, which had been owned by Peter Lehr, Sr., with her son Frank A. Lehr who farmed the land. On August 24, 1971, Mary Lehr died. A petition for probate of the will of Mary Lehr and for letters testamentary was filed by Frank A. Lehr and Walter Lehr, who according to the petition were nominated as coexecutors. Letters were issued and the nominated coexecutors qualified. An inventory was filed which described approximately 25 acres of real estate, which the nominees had estimated to be worth $41,000, and described personal property which had an estimated value of $16,630.44. Within the period for filing claims, Frank Lehr, a son of the deceased son George Lehr, Elsie Lehr Sitzes, a daughter, Oliver Lehr, a son, and Arthur Lehr, a son, each filed a claim in Mary Lehr's estate. Each claimant declared that he or she had a claim of $8000 against the estate and that the nature of the claim was that:

"Mary Lehr contracted to make a Will whereby the claimant received as his share one-eighth (⅛) of the real property owned

by Mary Lehr at the time of her demise. This was a binding contract negotiated as a settlement in a prior lawsuit. Claimant requests that this Court grant his claim in the amount of one-eighth (⅛) of the real property held in this Estate."

The apparent basis for these claims against the estate of Mary Lehr was an alleged oral contract by Mary Lehr to make a will leaving one-eighth of her real estate to each of her eight children. It was contended that in consideration for this contract to make a will the children agreed to the settlement which terminated the legal dispute over the distribution of the assets of the estate of Peter Lehr, Sr. This settlement included quitclaim deeds from each of Mary Lehr's eight children granting her a clear title to the 25 acres of real estate upon which she resided until her death.

The trial court after hearing testimony and receiving evidence granted each claimant a one-eighth share of the real estate owned by Mary Lehr at the time of her death. Appellants contend in this appeal that the trial court erred in the following respects: first, that the filing of claims does not serve as sufficient institution of proceedings to permit a trial court sitting in probate to effectively award interests in a decedent's real estate to the claimants; secondly, that since all persons having an interest in the decedent's real estate were not made parties to the litigation the trial court's order, which affects the property interests of such nonlitigants, is fundamentally unfair; thirdly, that the trial court erred in overruling appellants' objections to certain evidence and admitting same into the record; and lastly, that the trial court's order was not supported by legally admissible and competent evidence.

The appellants have complied with all the necessary statutory requirements and applicable rules established by our supreme court for the perfection of an appeal. Nevertheless, the appellees have seen fit not to file any brief in response to the contentions raised by the appellants. As a result we are thrust into the awkward and conflicting roles of judge and advocate. Under these circumstances we have the choice of whether to decide the case on the merits or reverse the cause for failure to comply with Supreme Court Rule 341 (Ill. Rev. Stat. 1973, ch. 110A, par. 341). (*All State Lumber Co. v. Delgado*, 22 Ill.App.3d 533, 317 N.E.2d 740 (abstract opinion). See *Altman v. Altman*, 22 Ill.App.3d 420, 318 N.E.2d 61; *Daley v. Los Laurels, Inc.*, 22 Ill.App.3d 441, 318 N.E.2d 159; *Rushing v. Camp*, 19 Ill.App.3d 435, 311 N.E.2d 757.) Since we do not find the instant case, which involves a complicated factual situation and several intricate legal problems, of a sufficiently compelling nature as to require that we perform the function of advocate, we, in our discretion,

reverse pro forma the order entered by the circuit court of St. Clair County.

Reversed.

CARTER, J., concurs.

Mr. JUSTICE CREBS, specially concurring:

I concur in the result. However, I would reverse for failure to allege a cause of action.