WILLIAM L. HOCKENBURY, Plaintiff-Appellant, *v.* FLORENCE LORENTZ, d/b/a Lorentz Realty Co. *et al.*, Defendants-Appellees.

Third District No. 75-223

Opinion filed February 19, 1976.

Moehle, Reardon, Smith & Day, Ltd., of Washington, for appellant.

Vonachen, Cation, Lawless, Trager & Slevin, and Morton S. Goldfine, both of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff William Hockenbury filed suit in the Circuit Court of Peoria County against Florence Lorentz, d/b/a Lorentz Realty, and Robert and Janet Hiatt, to recover a down payment of $1,400 made under a real estate purchase contract. After the trial court entered judgment for defendants, plaintiff perfected this appeal and filed his brief. The defendants have declined to enter an appearance or to file a brief in this court, and do not object to this appeal being submitted on only the brief of the appellant.

■■ Where an appellee does not file a brief in the reviewing court, we may reverse without considering the merits of the case, or we may, in our discretion, consider and determine the case on its merits. (*Witter v. Winter* (2nd Dist. 1975), 25 Ill. App. 3d 924, 323 N.E.2d 407.) We elect to decide this case on the merits.

According to the record, on July 11, 1973, plaintiff and the Hiatts signed a standard-form real estate contract whereby plaintiff agreed to purchase Hiatts' residence for $16,000, with Lorentz Realty acting as broker. Under the terms of the contract, plaintiff made a $1,400 down payment, and the purchase was subject to plaintiff being able to finance the balance with a 95 percent loan at a local lending institution. The date of closing was 30 days from the date of the contract. The contract also provided that, if plaintiff failed to carry out the terms of the agreement, the down payment would be forfeited and retained by the Hiatts.

On July 12, 1973, plaintiff's attorney wrote defendants asking them to rescind the contract because plaintiff's mental condition was such that his competency to enter a contract was doubtful. Defendants refused to rescind, and on August 10, 1973, informed plaintiff that, if he persisted

in his refusal to perform, they would consider the down payment forfeited, and that they would place the house back on the market unless plaintiff agreed by August 14 to perform his obligations under the contract. Defendants also agreed to extend the time for plaintiff's performance. Plaintiff responded on August 31 with a letter acknowledging the extension of time for his performance and assuming that the extension would be for a period of 30 days. Plaintiff also asked for the name of any local lending institution which would make a 95 percent loan. The record contains no evidence of any further communication between the parties.

Plaintiff testified that, during the latter part of July, he called two or more lending institutions in Peoria and was informed that they were no longer accepting applications for 95 percent real estate mortgage loans. Representatives of three Peoria Savings and Loan Associations testified for defendants that they stopped accepting applications for 95 percent loans on July 18, 20, and 31, respectively. The record also contains two letters dated early September from other lending institutions refusing to accept a loan application from plaintiff.

After August 10, 1973, defendants advertised the property for sale, and on September 27, 1973, defendants sold the property to a third party on contract for $18,000 with a $3,000 down payment. Lorentz Realty was paid a commission on the sale.

Plaintiff asserts numerous grounds for reversal, including the contention that plaintiff's inability to obtain financing excused him from performance. Plaintiff also urges that we depart from the traditional rule, adopted somewhat reluctantly by Illinois courts, which denies restitution of a down payment to a defaulting purchaser without regard to whether any actual damage was incurred by the vendor. (*Linster v. Regan* (2d Dist. 1969), 108 Ill. App. 2d 459, 248 N.E.2d 751; *Glenn v. Price* (3d Dist. 1949), 337 Ill. App. 637, 86 N.E.2d 542.) However, we need only consider one issue: Did defendants waive their right to declare a forfeiture by extending the time for plaintiff's performance?

■■ As a general rule, forfeitures of contracts are not looked upon with favor by courts. A seller may, by his conduct, waive his right to declare a forfeiture of a contract, and though this may not be an absolute waiver of the right, it amounts to a suspension recognized by equity. Thereafter, the right of forfeiture may be resumed only by giving definite and specific notice of an intention to require performance within a reasonable time. *Forest Preserve Real Estate Improvement Corp. v. Miller* (1942), 379 Ill. 375, 41 N.E.2d 526; *Cantrell v. Kruck* (2d Dist. 1975), 25 Ill. App. 3d 1060, 324 N.E.2d 260; Annot., 31 A.L.R.2d 8, §22 (1953).

■■   In the case at bar, defendants stated in their August 10 letter that they were willing to extend the time for plaintiff to perform, and plaintiff responded that he assumed that the extension was for 30 days and indicated that he would continue to seek financing. Although the record fails to show that there was a meeting of the minds as to a definite new closing date, it is obvious that both parties intended to permit plaintiff additional time to secure financing. Thereafter, without any notice to plaintiff that defendants considered the contract terminated, defendants began advertising the property for sale and consummated a second sale. From the evidence in the record, the conclusion is inescapable that the contract was still in effect when defendants undertook to resell the property. Under these circumstances, defendants could not claim a forfeiture of the down payment; instead the plaintiff was entitled to treat defendants' actions as an offer to rescind which would permit plaintiff to recover his down payment. *Foreman Trust & Savings Bank v. Bartlett* (1926), 324 Ill. 238, 154 N.E. 904; *Smith v. Treat* (1908), 234 Ill. 552, 85 N.E. 289.

We note that defendants claimed no actual damages and introduced no evidence in support of their allegation that they "suffered damages impossible of exact ascertainment" because, on resale, they were forced to sell the property on an installment purchase contract.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded with directions to enter judgment for plaintiff in the sum of $1,400.

Reversed and remanded with directions.

STOUDER and BARRY, JJ., concur.