JOHN L. WUBBOLDING, Plaintiff-Appellant, v. RAVINDER P. KUNDRA, Defendant-Appellee.

Fourth District   No. 4—88—0846

Opinion filed June 21, 1989.

Richard J. Winkel, Jr., of Harrington, Porter & Winkel, of Champaign, for appellant.

Rex L. Reu, of Thomson & Weintraub, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On March 25, 1988, plaintiff John L. Wubbolding brought suit in the circuit court of Champaign County against defendant Ravinder P. Kundra seeking monetary damages for defendant's alleged breach of a contract to purchase real estate from plaintiff. After issue was joined, the case was heard at bench. On November 1, 1988, the court entered judgment in favor of defendant in bar of action. Plaintiff has appealed. We reverse and remand for a determination of plaintiff's damages.

The evidence was undisputed that a contract for the sale of the real estate was entered into between the parties on February 13, 1987, providing for a purchase price of $199,300 with a down payment of $6,500 to be paid by March 1, 1987, and with a closing date of March 15, 1987, at which time the balance was due. The contract contained a provision making time "of the essence" of the contract. Under the pleadings, plaintiff's readiness and willingness to perform on the date of closing and thereafter is not disputed. Defendant agrees he did not make the payments required at any time. However, the evidence also showed defendant was having difficulty in obtaining financing, and plaintiff acquiesced in defendant not closing the purchase on the agreed date. The evidence also showed plaintiff never made a demand of defendant to pay the purchase price before filing suit on March 25, 1988.

The case turns upon whether plaintiff was required to make an actual demand on defendant for payment by a set date before bringing suit. The circuit court held plaintiff was required to do so and ruled in favor of defendant because plaintiff had not done so. Plaintiff maintains he was not required to make the demand because (1) the issue of

demand was not raised by the pleadings; and (2) his repeated requests to defendant to close the contract in addition to a statement made on defendant's behalf by his agent made demand unnecessary. We hold that, under the circumstances shown by the evidence, no demand was necessary.

■■ We dispose of plaintiff's assertion that the issue of demand was not raised by the pleadings summarily. The complaint alleged the making of a demand for payment, and defendant's answer denied the allegation. Plaintiff maintains that lack of a demand is an affirmative defense but cites no authority in support. His theory is contrary to the usual definition of an affirmative defense as one which "gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated." (*Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, 222, 459 N.E.2d 633, 635.) Moreover, the state of the pleadings negates plaintiff's contention he was taken by surprise. The issue of demand was clearly raised by the pleadings.

Plaintiff's second contention raises a more difficult question. Defendant seeks to draw analogy between the situation here, where plaintiff is merely seeking to recover the agreed purchase price under the contract, and situations where a vendor seeks to obtain a forfeiture of a down payment, to rescind a contract of sale, or to prevent being required to specially perform under such a contract. The circumstances here and those in the situations to which analogy is drawn all involve a failure of a vendee to pay the purchase price at the time set forth in a real estate contract, while the vendor has stood by and acquiesced in the delay of the vendee in making payment. The circuit court made this analogy in making its decision.

Before explaining any further details of evidence or the reasons for our decision, we consider a discussion of the cases cited in support of the circuit court's decision to be desirable.

The circuit court relied most heavily upon the precedent of *Hockenbury v. Lorentz* (1976), 35 Ill. App. 3d 983, 343 N.E.2d 90. There, a vendor and vendee had contracted for a sale of realty for a price of $16,000. A down payment of $1,400 had been paid. One day after the execution of the contract, that vendee's attorney asked those vendors to rescind the contract because of that vendee's mental condition but the vendors refused. The closing date was set for August 10, 1973. On that date, the vendors warned the vendee they would take his down payment and resell the property if he failed to pay, but they did grant him an extension for making payment. The vendee wrote to the vendors on August 31 acknowledging the grant of the extension, which he stated he assumed to be for 30 days. The record did not indicate any

further communication between the parties, but, after August 10, 1973, the vendors advertised the property for sale and sold it on September 27, 1973, to a third party. The vendee then filed suit for a return of the down payment. After a trial, the circuit court entered judgment for the vendors.

On appeal in *Hockenbury*, the appellate court reversed. It recited the court's abhorrence of forfeitures and noted all of the parties had intended for the vendee to continue to be seeking financing to make the purchase when the vendors advertised for the sale and made the sale. The court held the vendors' conduct constituted an offer to rescind, permitting the vendee to recover his down payment.

Defendant also cites *Bell v. Yale Development Co.* (1981), 102 Ill. App. 3d 108, 429 N.E.2d 894, where an assignee of a vendor sought to rescind a contract of real estate although that vendor had granted numerous extensions of time to make payment to that vendee. The appellate court held the vendor was entitled to a summary judgment of rescission upon repaying to the vendee the small down payment it had made. The vendor contended the vendee's conduct had indicated an intent to abandon the contract. The appellate court concluded that, on the basis of extensive correspondence between the vendee and the vendor, it could not find, as a matter of law, that the vendee had abandoned the contract. However, that court concluded the vendor had given the vendee a sufficient demand to perform with an ample length of time to do so that, upon the failure of the vendee to comply, the vendor was entitled to rescission as a matter of law. The appellate court reasoned that the same demand for performance was required of the vendor in order to obtain a rescission of the contract as would have been required of the vendor to obtain a forfeiture in *Hockenbury*.

Defendant also calls to our attention the decision in *Brown v. Jurczak* (1947), 397 Ill. 532, 74 N.E.2d 821, where a circuit court had granted a defense motion to dismiss, in bar of action for failure to state a cause of action, a complaint for specific performance brought by vendees under a contract for sale of real estate. The thrust of the motion was that the vendees' complaint showed on its face that the vendees had failed to tender payment within the time required by the contract. The supreme court reversed, holding that the complaint set forth a factual question as to whether the vendors had waived timely tender by granting various extensions and making new demands on the vendees at the time of the latest tender. Upholding the position of the vendors would have enabled them to retain a small down payment made by vendees. The supreme court noted the vendors had not declared a forfeiture. The court then stated that "lapse of time, alone,

would not put an *end to the contract* [and a] default in payment is required to be followed by some act of the vendor indicating his election to consider the contract *at an end before it will be terminated.*" (Emphasis added.) (*Jurczak*, 397 Ill. at 542, 74 N.E.2d at 826.) The court explained the abhorrence of courts to forfeitures.

The final case cited by defendant in support of his theory that he was entitled to a demand for payment and a reasonable time to make payment before suit was brought is *Cantrell v. Kruck* (1975), 25 Ill. App. 3d 1060, 324 N.E.2d 260. This also concerned a suit for specific performance. The appellate court affirmed a circuit court decree ordering a vendor to convey to a vendee although the vendee had not made payment by the time set forth in the contract of sale. The evidence showed the parties had orally agreed to an extension of indefinite length, and the vendees had tendered payment within 10 or 11 days after the contract date.

As conceded by defendant, this case differs from the cited cases in that here, rather than (1) seeking to obtain a forfeiture of a down payment and still retain the real estate, or (2) seeking to rescind a contract either by direct action or in defense of a suit for specific performance, plaintiff has brought suit on the contract to uphold the contract and obtain the purchase price for which he bargained. Defendant has cited no decisions in cases involving these circumstances. While we do not hold that a demand by vendors of vendee for payment on a new and reasonable date may not be required in suits for the purchase price where, as here, the vendor has acquiesced in the vendee's failure to pay the purchase price on the contract date, we deem the difference in the type of case here to be significant.

Also significant here are special circumstances shown by the undisputed evidence. After not requiring the defendant to make payment on March 1, 1987, plaintiff, acting either individually or by authorized agent, repeatedly engaged in conversations with defendant or his authorized agent in which defendant or his agent was requested to close the transaction soon. This period culminated some six or seven months after the closing date of March 1, 1987, when, during a conversation with plaintiff or his agent, an attorney for defendant, authorized by him to speak on his behalf, stated that financing did not appear to be available and that plaintiff "should do whatever he needed to do to *** otherwise protect his position." Plaintiff then brought suit some four months later and at a time when defendant had not made any tender of payment.

■ A rule of contract law has been stated to provide that a demand for performance is unnecessary when to make the demand would

be useless. (17A C.J.S. *Contracts* §478b, at 676-77 (1963); see *Dillon v. Elmore* (1934), 276 Ill. App. 548, 564, *aff'd on other grounds* (1935), 361 Ill. 356, 198 N.E. 128.) The foregoing statement of defendant's agent is not of itself sufficient to show an absolute inability of defendant to pay the purchase price on the contract, nor is it definite enough to constitute an anticipatory breach of the contract. (*Henderson v. Lemna* (1979), 76 Ill. App. 3d 168, 394 N.E.2d 1070.) However, we consider the statement to be very important, and, when taken with the rest of the undisputed evidence in the case, we deem it to be decisive.

▆ A noted authority explains that an obligee can be estopped from holding an obligor to the strict time limits of a contract, of which, as here, time is of the essence by such conduct as accepting delayed payments when the conduct is "such as to induce in the obligor a reasonable belief that time will no longer be treated as of the essence." (3A A. Corbin, Corbin on Contracts §722, at 380 (1960).) The fact that the obligor was likely misled to believe he had further time to make payment was emphasized in both *Brown* and *Hockenbury* as a major reason for imposing an estoppel or declaring the existence of a waiver in regard to the vendor. Here, the statement made by defendant's agent several months before plaintiff filed suit indicated defendant was not misled into believing he had further time to make payment. See *Chemetron Corp. v. McLouth Steel Corp.* (7th Cir. 1975), 522 F.2d 469.

▆ Clearly, here, defendant (1) was given a substantial time to make payment; (2) was not misled into believing he had further time to make payment; and (3) by all appearances could not have made payment if a formal demand was placed upon him. The action brought by plaintiff did not seek a forfeiture of any payment made by defendant nor did it seek to rescind any obligation placed on plaintiff. The action merely sought to compensate plaintiff for the loss of the bargain to which defendant agreed. Requiring plaintiff to make a formal demand for payment under these circumstances does not make sense. We hold such a demand was not necessary.

Accordingly, we reverse the judgment for defendant and remand the cause to the circuit court of Champaign County with directions to enter judgment for plaintiff and to determine the amount of damages.

Reversed and remanded with directions.

McCULLOUGH, P.J., and LUND, J., concur.